UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AVID IDENTIFICATION | § | |
| SYSTEMS, INCORPORATED, | § | |
| | § | |
| vs. | § | CASE NO. 2:04-CV-183 |
| | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

### 1.    Introduction

Pending before the court are Avid's motion (#385) for attorneys' fees and costs, Avid's

motion (#378) for enhanced damages, and Avid's motion (#381) for permanent injunction.  This

memorandum opinion and order addresses these motions.

### 2.    Factual Background

At trial, Avid accused the defendants of unfair competition and false advertising in violation

of Section 43(a)(1) of the Lanham Act,[1] as well as infringement of U.S. Patent Nos. 5,214,409 ("the

'409 patent"), 5,499,017 ("the '017 patent"), and 5,235,326 ("the '326 patent").  In response, the

defendants alleged that the '326 patent was invalid in light of pre-critical date reader and tag sales

by Avid.  The jury upheld the validity of the asserted claims of the '326 patent, found the defendants

liable for the willful infringement of the asserted patent claims, and found the defendants liable for

unfair competition through false advertising.  After the jury trial, the parties agreed to forego a bench

trial on inequitable conduct, and submitted the issue to the court on the trial record, with

---

[1]        Section 43(a)(1) of the Lanham Act is codified at 15 U.S.C. § 1125(a)(1).

supplemental briefing by the parties.  The court thereafter determined that the '326 patent was unenforceable in light of Avid's inequitable conduct before the United States Patent and Trademark Office.

**3.      Discussion**

**A.      Avid is Not Entitled to Enhanced Damages Under 15 U.S.C. § 1117(a).**

A violation of section 43(a) of the Lanham Act entitles a plaintiff, subject to equitable principles, "to recover (1) [the] defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a) (2004).  If the court finds that the jury's award of lost profits is inadequate or excessive, the court may enter judgment for such sum as it finds to be just.  *Id.*  In assessing damages, the court may enter judgment for any sum above the amount of actual damages awarded by the jury.  Such damages enhancement may not, however, exceed three times the amount found as actual damages.  *Id.*  The court's assessment of profits and damages must constitute compensation to the plaintiff, and not serve as a penalty for the defendant's conduct.  *Id.*; *Taco Cabana Intern., Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991); *Playboy Enter., Inc. v. P. K. Sorren Export Co., Inc. of Fla.*, 546 F. Supp. 987, 998 (S.D. Fla. 1982).  The enhancement of damages is therefore proper in situations where the jury award failed to fully compensate the plaintiff, such as where imprecise damages calculations deal an injustice to the plaintiff.  *Taco Cabana*, 546 F. Supp. at 1127.

Avid contends that the court should treble the jury's $6 million Lanham Act award in light of the defendants' conduct, which Avid suggests was willful.  Avid also contends that the Lanham Act and *Taco Cabana* do not prohibit a court from overcompensating an injured plaintiff.  *See* Avid's Reply at 2, n. 2.  Avid's arguments are misplaced because the Lanham Act expressly

2

prohibits punitive damages.  15 U.S.C. § 1117(a) (2004).  As explained by the Fifth Circuit in *Taco Cabana*, consistent with the principles of equity, enhancement may only occur in circumstances where the jury's award does not fully compensate the plaintiff.  Such circumstances may include instances where imprecise damage calculations fail to render justice, particularly when the imprecision results from the defendant's conduct, *e.g.* when the defendant withholds or misrepresents available sales records.  *Id.*   In a belated attempt to traverse the law,[2] Avid contends that the $6 million jury award did not serve as full compensation because its expert asked for $8.9 million at trial.  *See* Avid's Reply at 2, n. 2.  Absent, however, from Avid's arguments is any assertion that the defendants somehow misrepresented or withheld information relevant to the damages determination.  The court, upon considering the evidence presented at trial and the arguments in briefing on this issue, determines that the jury's $6 million verdict serves to fully compensate Avid for the defendants' Lanham Act violations.  Therefore, the court denies Avid's request to enhance damages.  With respect to costs, due, in part, to the disparity between the jury's Lanham Act damage award and its patent damage award, as well as the amount of the Lanham Act damages, the court awards Avid costs in the amount of $224,123.04.[3]

---

[2]     In its opening brief, Avid failed to contend that the $6 million jury verdict did not fully compensate its harm.  Instead, Avid only addressed this issue, within a footnote, after it was raised by the defendants.  *See* Avid's Reply at 2, n. 2.

[3]     Avid sought a total cost award of $656,721.38, which included expert witness costs of $376,567.58.  *See* Dkt. No. 386.  The plaintiff has not shown that its expert witness fees are recoverable as taxable court costs.

**B.      Avid is Not Entitled to Attorneys' Fees Because its Case is Not Exceptional Under 15 U.S.C. § 1117(a).**

The Lanham Act permits a court to award reasonable attorneys' fees to a prevailing party "in exceptional cases." *Id.*  The prevailing party must demonstrate the exceptional nature of the case by clear and convincing evidence.  *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996).  "An exceptional case is one where the violative acts can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" *Id.* (citation omitted).  "The determination as to whether a case is exceptional is left to the . . . discretion of the trial court." *Id.* (citation omitted).  The Fifth Circuit has found that an "exceptional case" requires "a showing of a high degree of culpability on the part of the infringer, for example, bad faith or fraud. . . . [A] few cases have gone as far as to require very egregious conduct."  *Id.* (citations omitted) (internal quotations omitted).

Avid contends that the defendants' willful and wanton conduct justifies a finding that this case is exceptional.  Avid argues that the defendants knew that their iMAX Plus reader could not read all of the different types of tags implanted within animals in the United States, yet the defendants misled their customers by telling them that shelters could identify all tagged animals using the iMAX Plus reader, regardless of the tag's type.  In addition, Avid argues that the defendants distributed tags that could not be read by the established reader infrastructure and that its  advertising to the contrary was false.  According to Avid, this conduct created a false sense of security, and led to the death of Hayden, a dog.  The defendants contend that Avid is erroneously relying on select portions of their advertising materials to prove willfulness, and that these materials, when viewed in their entirety, including their target audience, *e.g.* veterinarians, do not support an award of attorneys' fees.

4

The court has carefully considered the trial record, and finds that Avid did not prove that its case was exceptional under the Lanham Act by clear and convincing evidence.  The court therefore denies Avid's request for attorneys' fees.

### C.      Avid's Case is Not Exceptional under 35 U.S.C. § 285, and Avid is Not Entitled to Enhanced Damages under 35 U.S.C. § 284.

The court now addresses Avid's request for attorneys' fees and enhanced damaged under the patent law statutes.  A trial court, in its discretion, may enhance damages under 35 U.S.C. § 284, up to three times the compensatory award.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992) (reversed on other grounds).  "While no statutory standard dictates the circumstances under which the district court may exercise its discretion, [the Federal Circuit] has approved such awards where the infringer acted in wanton disregard of the patentee's patent rights, that is, where the infringement is willful" *Id.* (citations omitted).  A finding of willful infringement, however, does not mandate an enhancement of damages.  "The paramount determination in deciding to grant enhancement and the amount thereof is the egregiousness of the defendant's conduct based on all the facts and circumstances."  *Id.* (citations omitted).  In this regard, "[t]he court must consider factors that render defendant's conduct more culpable, as well as factors that are mitigating or ameliorating."  *Id.* (citations omitted).

In exceptional cases, the court may award reasonable attorney fees to the prevailing party. *See* 35 U.S.C. § 285.  "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violated Federal Rule of Civil Procedure 11, or like infractions."  *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006) (citations omitted).

5

In general, when a jury finds willful patent infringement, there is support for a finding of an exceptional case in favor of the plaintiff. *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 184 (Fed. Cir. 1994); *SRI Int'l, Inc. v. Advanced Technology Labs, Inc.*, 127 F.3d 1462,1468 (Fed. Cir. 1997). Additionally, when the court finds that an asserted patent is unenforceable, there is support for a finding of an exceptional case in favor of the defendant. *See Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 182 F.3d 1356, 1359-60 (Fed. Cir. 1999).

Avid's inequitable conduct in the procurement of the '326 patent weighs against the jury's willfulness determination. Therefore, the court denies Avid's request to enhance damages and declare this case exceptional under 35 U.S.C. §§ 284-85. The court also denies Avid's requests for costs as to the patent portion of the case. The court has, however, made a sizable award of costs for the Lanham Act violation, as discussed above.

### D. Avid is Entitled to Pre- and Post-Judgment Interest.

Under the Lanham Act, the award of pre-judgment interest rests within the discretion of the trial court. *Babbit Elecs., Inc. v. Dynascan Corp.*, 828 F. Supp. 944, 959 (S.D. Fl. 1993) (Lanham Act). Under 35 U.S.C. § 284, pre-judgment interest "should ordinarily be awarded . . . absent some justification for withholding such an award." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655-57 (1983). The court determines that Avid is entitled to pre- and post-judgment interest. These amounts will be reflected in the court's final judgment.

**E.      Avid is Entitled to a Permanent Injunction with Respect to the Lanham Act Violation.**

In *MercExchange, LLC v. eBay, Inc.*, 126 S. Ct. 1837 (2006), the Supreme Court held that

the traditional four-factor test for permanent injunctive relief applies to patent cases.  *Id.* at 1839.

The Court recited the test as follows:

> According to well-established principles of equity, a plaintiff seeking
> a permanent injunction must satisfy a four-factor test before a court
> may grant such relief.  A plaintiff must demonstrate: (1) that it has
> suffered an irreparable injury; (2) that remedies available at law, such
> as monetary damages, are inadequate to compensate for that injury;
> (3) that, considering the balance of hardships between the plaintiff
> and defendant, a remedy in equity is warranted; and (4) that the
> public interest would not be disserved by a permanent injunction.

*Id.* (citation omitted).  However, "[t]he doctrine of 'unclean hands' bars a party who acted

inequitably from obtaining equitable relief." *Wyeth v. Natural Biologics, Inc.*, 395 F.3d 897, 902

(8th Cir. 2005) (citation omitted); *see Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324

U.S. 806, 814-15 (1945).

As discussed above, Avid's inequitable conduct before the United States Patent and

Trademark office led to the unenforcability of the '326 patent.  In light of Avid's unclean hands, the

court declines to enter a permanent injunction against the defendants with respect to the '409 and

'017 patents.  The court will, however, sever any claim for future damages from this case and allow

Avid the opportunity to show entitlement to future royalties in lieu of an injunction.

With respect to the Lanham Act portion of the case, the court determines that Avid is entitled

to a narrowly tailored injunction.  To obtain an injunction, Avid must demonstrate that the

defendants' commercial advertisement or promotion is either literally false or that the advertisement

or promotion is likely to mislead and confuse consumers, and that Avid will suffer irreparable harm

if the injunction is not granted.  *See Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 465 (5th Cir. 2001) (citation omitted).  If the advertisement or promotion is misleading, then Avid must also show that the misleading nature of the advertisement is material, *i.e.* that the advertisement misled consumers.  *Pizza Hut, Inc. v. Papa John's Intern., Inc.*, 227 F.3d 489, 495 (5th Cir. 2000) (citation omitted).  Materiality requires an actual showing of consumer reaction.  *Id.*

Under even the more stringent standard applicable to misleading statements, Avid has satisfied the prerequisites for an injunction.  Avid has also shown irreparable harm if the defendants' false advertising is not enjoined.  Therefore, an injunction banning the defendants from advertising that the iMAX Plus reader is capable of reading all 125 kHz tags is proper.  Likewise, the defendants will be prohibited from advertising that their 134.2 kHz tags are compatible with all readers.  The court will therefore enjoin the defendants under the Lanham Act to this extent.

**4.     Conclusion**

In conclusion, the court denies Avid's request for enhanced damages under both the Lanham Act and 35 U.S.C. § 284.  The court also denies Avid's request to declare this case exceptional and to award attorneys' fees under both the Lanham Act and 35 U.S.C. § 285.  The court grants in part Avid's request for pre- and post-judgment interest, and taxes costs of $224,123.04 against the defendants.  Avid's request for a permanent injunction is granted under the Lanham Act and denied under the patent statute.  As discussed in the final judgment, issued contemporaneously herewith, the court has severed any claims for patent royalties accruing after the verdict into case number 2:08-CV-131.  The plaintiff is ordered to file a complaint within case number 2:08-CV-131 within 20 days from the undersigned date.  All relief not expressly granted herein is otherwise denied.

SIGNED this 25th day of March, 2008.

T. JOHN WARD
UNITED STATES DISTRICT JUDGE