# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AVID IDENTIFICATION SYSTEMS, INC. | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:04-cv-183 (TJW) |
| | § | |
| PHILIPS SEMICONDUCTORS INC. ET AL., | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Avid Identification Systems, Inc.'s ("Avid") Unopposed Motion For Reconsideration of the Court's Order of Inequitable Conduct (Docket Entry #457) and related papers. In its motion, plaintiff Avid moves the Court under Rule 60(b) to reconsider the Court's inequitable conduct finding related to Avid's U.S. Patent No. 5,235,326 ("the '326 patent"). (Docket Entry #427). Pursuant to a settlement agreement executed between the parties in this case, this motion is unopposed by defendants Datamars SA and The Crystal Import Corporation (collectively, "the Datamars" or "defendants"). The Court has carefully considered arguments made by Avid and the applicable law on the issues presented. The Court hereby DENIES Avid's motion. Also before the Court is Allflex USA, Inc.'s motion to appear as Amicus or Intervenor to oppose Avid's unopposed motion for reconsideration (Docket Entry #462). Having ruled on Avid's motion, the Court DENIES Allflex's motion as moot.

### I. Background

The parties to this case selected a jury on May 8, 2006. The trial commenced on May 16, 2006 and the jury reached its verdict on May 31, 2006. The jury found that defendants had willfully infringed Avid's asserted patents, including the '326 patent, and had engaged in unfair competition in violation of the Lanham Act. The jury awarded Avid $6 million in damages for

Datamars' unfair competition and $26,891 for Datamars' patent infringement. (Dkt. Entry No. 372). In accordance with the jury's verdict, the court rendered final judgment in this case March 25, 2008. (Docket Entry #429).

On June 20, 2006, defendants filed a motion (Docket Entry #377) to render '326 patent, which is assigned to Avid, unenforceable for inequitable conduct. The Court entered an order granting defendants' motion on September 28, 2007. (Docket Entry #427). Following a recent settlement agreement between the parties, Avid moves the Court to vacate this order. Subsequent to filing this motion, Avid filed a Notice of Appeal on January 23, 2009, informing the Court that it had appealed the entry of Final Judgment as well as this Court's inequitable conduct finding to the United States Court of Appeals for the Federal Circuit.

## II. Discussion

As a preliminary matter, the Court must determine if it continues to have jurisdiction over Avid's motion. It is well-established that once an appeal is taken, the district court is divested of jurisdiction "except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)." *See In re Fraser¸* 98 F.Supp.2d 788, 792 (E.D. Tex. 2000) (citing *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994)). The Fifth Circuit has recognized, however, that the district court is empowered "to consider on the merits and deny a Rule 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal." *Id.* (citing *Winchester v. U.S. Attorney for S. Dist. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995)). If a district court is inclined to grant the 60(b) motion, then it is necessary to obtain the leave of appellate court. *Id.* "Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion." *Winchester*, 68 F.3d at 949. The Court has considered Avid's motion and is not inclined to grant it for reasons

discussed below. Therefore, the Court need not seek leave in ruling on this motion.

In spite of the fact that Avid has entered into a settlement agreement with the defendants, Avid's motion is presented as motion to reconsider rather than a motion to vacate based on mootness arising from settlement between the parties. Absent "exceptional circumstances," a vacatur of this Court earlier ruling would not be justified based simply on the parties' settlement. *U.S. Bancorp Mortgage v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *see also Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1221 (Fed. Cir. 2001)("When a case is moot, the Supreme Court in *Bancorp* explained that '[t]he principal condition to which we have looked [in determining whether vacatur is appropriate] is whether the party seeking relief from the judgment below caused the mootness by voluntary action.'" (quoting *Bancorp*, 513 U.S. at 24)).[1]

Avid argues that because its settlement agreement with the defendants includes provisions on Datamars' obligations that depend on the outcome of this motion, the Datamars have a continuing dispute regarding the validity of the '326 patent. Therefore, it argues there is a continuing case or controversy between the parties related to the '326 patent.[2] The Court is not persuaded. The Court fails to see how defendants could "have a continuing dispute regarding the validity of the '326 patent" when they agree not to oppose the motion on the enforceability of

---

[1] The Supreme Court's holding in *Bancorp* applies to a district court's vacatur of its own judgment. *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir. 2000) ("In the circumstance of vacatur due to mootness, however, we are satisfied that the standards under 28 U.S.C. § 2106 and Rule 60(b) are essentially the same."); *Ericsson, Inc. v. InterDigital Communications Corp.*, No. 3:93-CV-1809-M, 2004 WL 1636924, at *10 (N.D. Tex. June 03, 2004) (*reversed on other grounds*) (stating that "district court judgments, like appellate judgments, are presumptively correct and valuable to the legal community"); *In re Fraser*, 98 F. Supp. 2d at 791 (holding that the rationale announced in *Bancorp* applies district court's vacatur as well).

[2] The Court notes that, in its motion to reconsider, Avid failed to bring any issues related mootness or settlement driven vacatur to the Court's attention. These arguments were made in response to Allflex's subsequent motion to appear as Amicus or Intervenor to oppose Avid's unopposed motion for reconsideration. *See* Avid's Response, D.E. #465 at 13-15.

that very patent. The Court finds that there is no longer any Article III case or controversy on the issue of unenforceability of the '326 patent, thereby rendering it moot. *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1220 (Fed. Cir. 2001) ("Under Article III, we may only adjudicate 'concrete, living contests between adversaries.'"). Here, as a result of the agreement, Avid and the defendants are no longer adversaries. *Id*. Avid attempts to differentiate the holding in *Aqua Marine* by arguing that the settlement agreement between the parties here specifically enumerates defendants' continuing monetary interest in the validity of the '326 patent. However, in spite of Avid's assertions and the clause in the settlement agreement that Avid points to, the Court finds that Avid has attempted to employ the exact same strategy that the Federal Circuit rejected in *Aqua Marine*.[3] *Id*. ("Indeed, if we held otherwise, evasion of the Supreme Court's limitations on vacatur, discussed below, could be easily accomplished by simply settling the infringement question and allowing the patentee to continue to litigate validity, unencumbered by an opposing party."). Considered as a motion to vacate based on mootness, the Court fails to find any "exceptional circumstances" under the facts presented herein that would justify vacatur of the Court's earlier decision.[4] Therefore, Avid's unopposed motion for reconsideration of the court's order on inequitable conduct is DENIED.

---

[3] As evidence of Datamars' interest in the issue, Avid points to the clause in the agreement that requires Datamars to pay an additional amount of $26,891 if this motion is granted. *See* Agreement, ¶8. However, same paragraph provides mechanisms to ensure that Avid is allowed to "continue to litigate validity, unencumbered by an opposing party." Specifically, Datamars covenant not to oppose this motion or to contest appellate jurisdiction or standing upon appeal of this Court's decision. *Id*.

[4] The Court is not inclined to grant Avid's motion on its merits either. The Court notes that for the most part, these are the same arguments that Avid extensively briefed in its responses to defendants' motion, and the Court rejected in its order. *See* Avid's Response and Sur-Reply (Dkt. No. 388, 399). The Court also notes that Avid now focuses its arguments on Dr. Stoddard's inability to judge the materiality of the prior art and his involvement in the prosecution of the patent as compared to its earlier arguments, based on Dr. Stoddard's incredible testimony, that there was no sales activity prior to the critical date. However, the

SIGNED this 11th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

---

Court is not persuaded to change its earlier decision.